IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO CALLEJO,<br><br>　　　　　　Petitioner,<br><br>　　vs.<br><br>WILLIAM KNIPP,[1] Warden, Mule Creek State Prison,<br><br>　　　　　　Respondent. | No. 2:11-cv-1550-JKS<br><br>MEMORANDUM DECISION |

　　　　Ernesto Callejo, a state prisoner proceeding *pro se*, filed a Petition for Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254.  Callejo is currently in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Mule Creek State Prison.  Respondent has answered, and Callejo has replied.

　　　　　　　　　　　　I.  BACKGROUND/PRIOR PROCEEDINGS

　　　　In satisfaction of a 12-count indictment, Callejo pled no contest to three counts of commission of a lewd and lascivious act upon a child under the age of 14 years in violation of California Penal Code § 288(b)(1).  At a change of plea hearing held on March 27, 2009, Callejo's trial counsel stated:

> [I]t's Mr. Callejo's intention to enter a plea of no contest to Counts 10, 11 and 12, with the understanding that Counts 1 through 9 would be dismissed, and that he would receive a sentence of eight years on each of the three counts to which he pleads, for a total of 24 years.

　　　　Callejo's counsel affirmatively answered when asked, "And these sentences for each count would be full term and consecutive due to the forcible nature of the acts, correct?"  Callejo

---

　　　　[1]　　　　William Knipp substituted for Michael Martel as warden of Mule Creek State Prison.  FED. R. CIV. P. 25(c).

himself affirmatively answered when asked, "is that what you're prepared to do today?" Callejo also stated that he understood the charges against him and that he had enough time to talk to his attorney about the charges, his defenses, his plea, and the consequences of his plea. Although he stated at one point that "24 is too much for me," Callejo affirmatively answered when asked if he understood that "the consequences of your plea are that you are going to be sentenced to state prison for the aggregate term of 24 years."

Callejo additionally stated that he understood and agreed to waive his rights to a preliminary hearing and a speedy and public jury trial, as well as his rights to "see, hear, and have [his] attorney question any witness who testifies against [him]; to use the Court's subpoena power to present witnesses and evidence on [his] own behalf; and to remain silent and not incriminate [him]self." He agreed that he had not been made any other promises in exchange for his plea and had not been threatened or pressured in any way and confirmed that his pleas were freely and voluntarily made.

The court concluded that "there's a factual basis for the plea. The plea and waivers were made knowingly, intelligently and voluntarily. I accept the plea and conditions and find the defendant guilty thereon."

On April 21, 2009, the Sacramento County Probation Department submitted a report and recommendation, stating that "[t]he aggregate term recommended is eighteen (18) years State Prison which is in conflict with the negotiated plea."

A sentencing hearing was held on April 29, 2009. During the hearing, Callejo's counsel informed the court that the probation department had recommended a lesser sentence term of 18 years and that counsel had asked the district attorney to reconsider the stipulated sentence in

2

light of that fact. Counsel further stated, "The district attorney's office is unwilling to do anything about the fact. This was a stipulated sentence, so we don't have any basis for doing anything except Mr. Callejo, I suppose, could ask to withdraw his plea and be facing all twelve counts again." Counsel requested a one-week continuance for Callejo to think about the plea before sentencing would be imposed.

The court denied the continuance request stating, "[T]he actual exposure that Mr. Callejo faced was far in excess of the 24 years. And there was no provision for him to withdraw his plea if probation came back with a lesser recommendation." The court then sentenced Callejo to an aggregate state prison term of 24 years in accordance with the plea agreement. The court further cautioned Callejo, "This is a negotiated disposition. You have limited rights of appeal. Any appeal must be filed and in writing within 60 days of today's date." Callejo did not subsequently move to withdraw his plea, nor did he directly appeal his conviction or the imposed sentence.

On July 24, 2010, Callejo filed a petition for a writ of habeas corpus to the Sacramento County Superior Court. He argued that the trial court abused its authority in sentencing by imposing multiple consecutive sentences and refusing Callejo's request to delay sentencing. He also brought an ineffective assistance of counsel claim, arguing that his counsel was ineffective for "not allowing" the petitioner to withdraw his plea and for not advising him of his "options" in the case.

The superior court denied the petition in an unpublished opinion issued on August 25, 2010. Because Callejo could have argued that the trial court abused its discretion in sentencing on direct appeal, the court determined that Callejo's failure to appeal rendered his sentencing arguments barred from collateral review under *In re Dixon*, 264 P.2d 513 (Cal. 1953). The court

further concluded that the trial court's imposition of multiple consecutive sentences was consistent with state law. The court additionally rejected Callejo's ineffective assistance of counsel claims, concluding that Callejo failed to demonstrate that he ever told counsel to move to withdraw his plea and failed to explain how counsel's alleged failure to advise Callejo of his options affected the outcome of the case. Finally, the court construed Callejo's argument that he did not knowingly or intelligently enter his change of plea as a petition for a writ of error coram nobis. The court then rejected that petition as well, concluding that "there is no fact that if presented to the sentencing court, would have prevented the court from rendering judgment."

Callejo raised the same arguments in a petition for a writ of habeas corpus to the California Court of Appeal on September 8, 2010. The appellate court summarily denied the petition on September 16, 2010. Callejo then filed a petition for a writ of habeas corpus to the California Supreme Court on October 1, 2010, which the court denied by minute order on April 13, 2011.

Callejo timely filed a petition for a writ of habeas corpus to this Court on June 8, 2011.

## II. GROUNDS/CLAIMS

Callejo asserts two grounds for habeas relief, raising the same arguments to this Court that he presented to the state courts in his state habeas petitions. First, Callejo claims that the trial court abused its discretion in sentencing by: 1) imposing multiple consecutive sentences in violation of California law; and 2) denying Callejo's request to delay sentencing. Callejo also argues that he received ineffective assistance of counsel because his trial counsel: 1) did not "allow" him to withdraw his guilty plea; 2) failed to advise him of his "options;" and 3) did not file an appeal of judgment on Callejo's behalf.

4

### III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear

and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

<u>Claim One: Abuse of Discretion in Sentencing</u>

In his habeas petition to the state superior court, Callejo addressed as an issue for review, "Did the [sentencing] court abuse [its] authority in the case at hand by the multiple consecutive sentences, the denial of petitioner's request to delay sentencing, and the Federal and state Law cited herein." The superior court held that the claim was barred because it was only cognizable on direct appeal and not on habeas review.

Respondent contends that, because the superior court declined to hear this claim because it could have been raised on appeal, consideration of the claim is procedurally barred. Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). "In order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Morales v. Calderon*, 85 F.3d 1387, 1393 (9th Cir. 1996) (citation omitted). If a petitioner has procedurally defaulted on a claim, a federal court may nonetheless consider the claim if the petitioner shows: 1) good cause for his failure to exhaust the claim; and 2) prejudice from the

6

purported constitutional violation; or 3) demonstrates that not hearing the claim would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749-50; *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992).

It is firmly established under California law that "habeas corpus will not lie as a substitute for an appeal . . . nor as a second appeal." *In re Harris*, 855 P.2d 391, 396 (Cal. 1993) (citing *In re Foss*, 519 P.2d 1073 (Cal. 1974); *In re Terry*, 484 P.2d 1375 (Cal. 1971); *In re Waltreus*, 397 P.2d 1001 (Cal. 1965); *In re Spears*, 204 Cal. Rptr. 333 (Cal. Ct. App. 1984); *In re Wagner*, 173 Cal. Rptr. 766 (Cal. Ct. App. 1981)). Thus, Callejo's claim is procedurally barred unless he can show cause and prejudice.

The cause asserted by Callejo is that "[c]ounsel refused to file an appeal." Because the attorney is considered to be the defendant's agent, attorney negligence, oversight, or inadvertence is not cause sufficient to excuse a procedural default. *Coleman*, 501 U.S. at 753-54; *see Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) (affirming that rule). Because Callejo's Petition lacks evidentiary support on this point and Callejo fails to explain why he did not file an appeal himself, it is not clear whether the "refusal" of Callejo's counsel to file an appeal rises above mere negligence, oversight, or inadvertence and thus excuses the procedural default. Recognizing that Callejo is proceeding *pro se* and that his pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), this Court nonetheless will address the merits of the claim.

However, even considering the claim on its merits, Callejo is still not entitled to relief. In addition to disposing as procedurally defaulted Callejo's argument that the sentencing court impermissibly imposed multiple consecutive sentences, the superior court concluded that the

argument was without merit under California law. This Court is bound by the state court's interpretation of California state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

Callejo additionally claims that his constitutional rights were violated when the sentencing court rejected counsel's request that sentencing be postponed for one week. During his plea colloquy, Callejo confirmed that he understood the charges against him and that he had enough time to talk to his attorney about the charges, his defenses, his plea, and the consequences of his plea. This statement sufficiently demonstrates that rejecting the delay request did not render Callejo's plea involuntary, particularly given that the request was made after Callejo's plea had already been offered and accepted. *Cf. Doe v. Woodford*, 508 F.3d 563, 570-71 (9th Cir. 2007) (on habeas review, determining that, where the petitioner confirmed under oath and in open court that he had enough time to talk with his attorneys, the fact that petitioner had only two hours to consider the plea did not undermine the voluntariness of his plea). Moreover, Callejo fails to allege any facts as to how the outcome would have been different had he been sentenced just one week later. Callejo therefore fails to establish any basis for habeas relief on this ground. Accordingly, Callejo's sentencing claim must fail.

### Claim Two: Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel under *Strickland v. Washington*, a defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. 466 U.S. 668, 687 (1984). A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth

8

Amendment." *Id.* The Supreme Court has explained that, if there is a reasonable probability that the outcome might have been different as a result of a legal error, the defendant has established prejudice and is entitled to relief. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012); *Glover v. United States*, 531 U.S. 198, 203-04 (2001); *Williams*, 529 U.S. at 393-95. Thus, Callejo must show that his trial counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *See Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either of the *Strickland* prongs. *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

In reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citations omitted); *see also Runningeagle v. Ryan*, 686 F.3d 758, 775 (9th Cir. 2012).

It is through this highly deferential lens that a federal habeas court reviews *Strickland* claims under the § 2254(d) standard. *See Knowles*, 556 U.S. at 123 (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

Callejo argues that his trial counsel was ineffective because he: 1) did not "allow" Callejo to withdraw his guilty plea; 2) failed to advise Callejo of his "options;" and 3) did not file an appeal of judgment on Callejo's behalf.

      a.      Counsel's Alleged Failure to Withdraw the No Contest Plea[2]

On state habeas review, the superior court rejected Callejo's claim that counsel was ineffective for not "allow[ing]" him to withdraw his plea, stating that counsel had no authority to "allow" Callejo to withdraw his plea and noting that Callejo did not show that he expressed to counsel that he wanted to withdraw his plea. In his habeas petition to the supreme court, Callejo additionally averred that he told counsel that he wanted to withdraw his plea. The supreme court denied the claim without articulating reasons.

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S. at 56-57 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). In order to demonstrate prejudice, Callejo must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Premo v. Moore*, 131 S. Ct. 733, 743 (2011) (quoting *Hill*, 474 U.S. at 59).

---

[2] Whether the state trial court must find a factual basis for Callejo's no contest plea is not at issue here because Callejo does not assert actual innocence or challenge the sufficiency of the factual basis of his plea. *See Loftis v. Almager*, 704 F.3d 645, 648 (9th Cir. 2012) (holding that no constitutional issue cognizable under § 2254 exists where the state trial court's failure to find a factual basis for a no contest plea is "unaccompanied by protestations of innocence").

Callejo, however, faces a high hurdle in seeking to overturn a plea on collateral review. As the Supreme Court held in *Mabry*:

> It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence–because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange. It is only when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired. *In Brady v. United States,* 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed.2d 747 (1970), we stated the applicable standard:
>
>> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

*Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984) (internal quotation marks and citations omitted), *disapproved on other grounds* in *Puckett v. United States*, 556 U.S. 129, 138 n.1 (2009).

Before entering his plea, Callejo informed the state trial court that he understood the charges against him and that he had enough time to talk to his attorney about the charges, his defenses, his plea, and the consequences of his plea. Although he stated at one point that "24 is too much for me," Callejo affirmatively answered when asked if he understood that "the consequences of your plea are that you are going to be sentenced to state court for the aggregate term of 24 years." Callejo additionally stated that he understood and agreed to waive his rights to a preliminary hearing and a speedy and public jury trial, as well as his rights to "see, hear, and have [his] attorney question any witness who testifies against [him]; to use the Court's subpoena power to present witnesses and evidence on [his] own behalf; and to remain silent and not

11

incriminate [him]self." He agreed that he had not been made any other promises in exchange for his plea, had not been threatened or pressured in any way, and confirmed that his pleas were freely and voluntarily made.

The record therefore supports that there was no defect in Callejo's no contest plea, and thus any potential claim raised by Callejo's counsel would have been without merit. Because counsel cannot be ineffective for failure to raise a meritless claim, Callejo's counsel was not ineffective for not moving to withdraw Callejo's no contest plea. *See Lockhart v. Fretwell*, 506 U.S. 364, 374 (1993) (O'Connor, J., concurring) (failing to raise a meritless objection cannot constitute prejudice under a *Strickland* ineffective assistance of counsel claim).

    b.    Counsel's Alleged Failure to Inform Callejo of his "Options"

Callejo's claim that counsel failed to inform him of his options is belied by the record and similarly must fail. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (citing *Machibroda v. United States*, 368 U.S. 487, 495-96 (1962)).

During his plea colloquy with the trial court, Callejo stated that he understood and agreed to waive his rights to a preliminary hearing and a speedy and public jury trial, as well as his rights to "see, hear, and have [his] attorney question any witness who testifies against [him]; to use the Court's subpoena power to present witnesses and evidence on [his] own behalf; and to remain silent and not incriminate [him]self." Callejo also stated that he understood the charges against him and that he had enough time to talk to his attorney about the charges, his defenses,

12

his plea, and the consequences of his plea. The record therefore demonstrates that Callejo understood the rights that he was waiving and that he had fully consulted with his attorney, and Callejo fails to allege any facts that would compel this Court to disregard the statements he made under oath in open court.

        c.        Counsel's Alleged Failure to Appeal Callejo's Conviction and Sentence

Callejo further claims that his trial counsel was ineffective for failing to appeal his conviction and sentence. In his habeas petition before the state supreme court, Callejo asserted that "[c]ounsel refused to file an appeal." He provides no further detail, but liberally construing his *pro se* pleadings and taking all of the factual allegations in his Petition as true, Callejo has stated a claim on which relief might be granted.

It is not clear from the record whether Callejo waived his right to appeal his conviction and sentence when he executed the plea agreement. But even if he did, the Ninth Circuit has held that a petitioner retains the right to appeal despite having understood and subsequently waiving one's right to appeal. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005). In *Sandoval-Lopez*, the Ninth Circuit further held that a petitioner has a valid ineffective assistance of counsel claim when the petitioner can show that he or she asked that an appeal be filed on their behalf, and that counsel failed to file a timely appeal, despite having waived this right pursuant to a plea agreement.

The Supreme Court has additionally held that the deficient performance prong of the *Strickland* test is satisfied by counsel's failure to appeal where "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that

13

he was interested in appealing." *Roe v. Flores-Ortega,* 528 U.S. 470, 480 (2000). The *Roe* Court further held that, to show prejudice, the petitioner "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. Under *Roe* and *Sandoval-Lopez*, the petitioner does not need to show that meritorious grounds for appeal exist but simply that the petitioner promptly expressed a desire to appeal and lost the opportunity to file the appeal. *Sandoval-Lopez*, 409 F.3d at 1196.

Construing Callejo's pleadings liberally, he meets the requirements set out in *Sandoval-Lopez*. He states in his Petition that "[c]ounsel refused to file an appeal," which suggests that Callejo requested an appeal be filed and that defense counsel failed to do so. It is also clear that Callejo has lost the opportunity and ability to appeal his case as the time for filing an appeal has passed.

## V. CONCLUSION AND ORDER

Except as to his claim that trial counsel was ineffective for failing to file a notice of appeal despite having been asked to do so, Callejo is not entitled to relief under any ground raised in the Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED THAT** this matter is **REFERRED** to U.S. Magistrate Judge Gregory G. Hollows to hold an evidentiary hearing, as he deems appropriate, on the remaining issue. Judge Hollows shall report his findings of fact to this Court as to the following

questions: 1) Did Callejo direct counsel to file an appeal on his behalf, which counsel ignored? and 2) If not, did counsel consult with Callejo regarding his appellate rights, and did Callejo express to counsel an interest in appealing?  Judge Hollows shall also recommend a decision as to whether Callejo was denied his right to appeal pursuant to *Roe v. Flores-Ortega,* 528 U.S. 470, 480 (2000).  The Criminal Justice Act (CJA) Panel is requested to appoint a new attorney for Callejo for the purpose of this evidentiary hearing.

**IT IS FURTHER ORDERED THAT,** to the extent that the Petition is denied, the Court has tentatively concluded to deny a Certificate of Appealability.  *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).

Once this Court has received a report and recommendation from the Magistrate Judge and considered objections, if any, the Court will enter final judgment.  Until that time, this decision will be subject to revision in conformity with Federal Rule of Civil Procedure 54(b).

Dated: August 27, 2013.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge
